UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SCOTT DANIEL McCRAY,

Plaintiff,

v.

MICHIGAN DEPARTMENT OF COMMUNITY MENTAL HEALTH,

Defendant.

Case No. 1:06-cv-272

Honorable Robert Holmes Bell

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint because it fails to state a claim and Defendant Michigan Department of Community Health is immune from suit.

**Discussion**

I. Factual allegations

Plaintiff is presently incarcerated in the Ionia Maximum Correctional Facility but complains of events that occurred at the Huron Valley Center. Plaintiff sues only the Michigan Department of Community Health.[1]

In his *pro se* complaint, Plaintiff states "I cannot explain [the] exact statement of claims without exact names, dates etc[.] out of my mental health file." Pl's Compl. at 7. For relief, Plaintiff requests that the Court overturn a doctor's right to label a prisoner with malingerer status without a hearing.

II. Immunity

Plaintiff may not maintain a § 1983 action against the Michigan Department of Community Health. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, if the state has not waived immunity and Congress has not expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In several unpublished opinions, the federal courts of

[1]In 1996, the state government consolidated the Michigan Department of Public Health, the Michigan Department of Mental Health and the Michigan Medical Services Administration into the "Michigan Department of Community Health." The Michigan Department of Community Health is responsible for the health policy and management of the state's publicly funded health service systems. The correct name of the Defendant is the Michigan Department of Community Health rather than the Michigan Department of Community Mental Health. For purposes of this opinion, this Court will use the proper name of the Michigan Department of Community Health.

this circuit have specifically held that state departments are absolutely immune from suit under the Eleventh Amendment. *See, e.g.*, *Turnboe v. Stegall*, No. 00-1182, 2000 WL1679478, at *2 (6th Cir. Nov. 1, 2000)(holding the Michigan Department of Corrections is immune from suit under the Eleventh Amendment); *Erdman v. Mich. Dep't of Corr.*, No. 94-2109, 1995 WL 150341, at *1 (6th Cir. April 5, 1995) (same); *Cullens v. Bemis*, No. 92-1582, 1992 WL 337688, at *1 (6th Cir. Nov. 18, 1992) (holding the Michigan Department of Corrections and Michigan Department of Education are immune from suit under the Eleventh Amendment); *Cooper v. Mich. Dep't of Cmty. Health*, 2006 WL 846727, *1 (E.D. Mich. Mar. 31, 2006) (finding the Michigan Department of Community Health is immune from suit under the Eleventh Amendment). In addition, the State of Michigan (acting through the Michigan Department of Community Health) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989); *see also Dulai v. Mich. Dep't of Cmty. Health*, 71 F. App'x 479, 481 (6th Cir. 2003) (finding *Will*, 491 U.S. at 61, precludes a § 1983 action against the Michigan Department of Community Health). Therefore, the Court must dismiss the Michigan Department of Community Health.

III. Failure to state a claim[2]

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

In his complaint, Plaintiff states that he cannot adequately explain his claims without information from his mental health file. Plaintiff fails to allege any facts of unconstitutional conduct on behalf of the Michigan Department of Community Health. Even without the information from his mental health file, Plaintiff could have summarized his constitutional claims. Conclusory unsupported statements are insufficient to state a claim. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). Accordingly, Plaintiff fails to state a claim.

---

[2]Pursuant to 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516 (2002); *Booth v. Chuner*, 532 U.S. 731 (2001). Plaintiff alleges that he could not file a proper grievance because he did not have access to information in his mental health file. Plaintiff filed two grievances regarding the denial of access to his medical file, Grievance Nos. ICF-06-04-0295-28A and ICF-06-03-0434-17I. He appealed both grievances only to Step I. Based on the lack of information in Plaintiff's complaint, this Court cannot determine the nature of his constitutional claims, if any. It does not appear that Plaintiff intended to bring a claim for the denial of access to his mental health file. Regardless, the Court need not first require exhaustion of available administrative remedies when Plaintiff's claim may be dismissed because it is, "on its face, frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(2); *Brown v. Toombs*, 139 F.3d 1102, 1103 (6th Cir. 1998).

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action fails to state a claim and will therefore be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.

Date: May 24, 2006

/s/ Robert Holmes Bell
ROBERT HOLMES BELL
CHIEF UNITED STATES DISTRICT JUDGE